<pre>
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA


CAROLE SUE TANNEHILL COLEMAN,  )   1:07-cv-0480 OWW SMS
                               )
            Plaintiff,         )   ORDER AFTER SCHEDULING
                               )   CONFERENCE
     v.                        )
                               )   Discovery Cut-Off: 10/19/07
THE ESTATE OF DAVID KRAHN, C.R.)   8:45 Ctrm. 3
ENGLAND, INC., MARSHALL BERRY, )
and DOES 1 to 75, inclusive,   )
                               )
            Defendants.        )
                               )
_____)
</pre>

I.  Date of Scheduling Conference.

   August 8, 2007.

II. Appearances Of Counsel.

   Perez, Williams & Medina by Robert Gray Williams, Esq., appeared on behalf of Plaintiff.

   Snyder Law by Sean R. Burnett, Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

   1.   This is a wrongful death action in which Plaintiff is seeking monetary damages for the wrongful death of her daughter, Ami Sue Berry, who was killed as the result of a motor vehicle accident on July 15, 2006.  Plaintiff filed a Complaint by

1

1  utilizing California Judicial Council Approved Standard Form -
2  Personal Injury/Property Damage/Wrongful Death on November 3,
3  2006, in Tulare County Superior Court (Case No. 06-221339)
4  against The Estate of David Krahn, C.R. England, Inc., and Does 1
5  to 75, inclusive, attaching both a motor vehicle cause of action
6  and a wrongful death attachment.
7       2.   On November 14, 2006, Plaintiff filed a First Amended
8  Complaint correcting inadvertent clerical errors made on the
9  wrongful death attachment.
10      3.   Defendant C.R. England, Inc., filed a Notice of Removal
11 of Action to this Court on March 27, 2007, and thereafter filed
12 its answer to complaint on April 20, 2007.  Defendant admitted
13 basic portions of the Complaint, such as that it is a corporation
14 and that the incident occurred in Cheyenne County, Colorado.
15 Otherwise, Defendant either denied, or denied based on lack of
16 sufficient information, the remaining portions of Plaintiff's
17 Complaint, and asserted the following affirmative defenses: (1)
18 failure to state a claim upon which relief can be granted; (2)
19 failure to join parties under Rule 19; (3) no standing to bring
20 the suit; (4) negligence on the part of plaintiff; (5) negligence
21 on the part of third parties; (6) apportionment, indemnity,
22 and/or contribution from any party, person, or entity adjudged to
23 have proximately caused or contributed to Plaintiff's alleged
24 damages.
25      4.   Plaintiff alleges that the subject accident was caused
26 when David Krahn, driving a 2006 Volvo tractor-trailer rig owned
27 by Defendant C.R. England, and in which his girlfriend, Ami Berry
28 was a passenger, failed to slow for traffic stopped in the

westbound lane of Colorado SR 40.  The traffic had stopped for a construction zone, and Krahn struck the rear of a tractor-trailer rig in front of him, causing a chain reaction whereby the tractor-trailer struck by Krahn was driven forward into two other tractor-trailer rigs.  As a result of the incident both David Krahn and Ami Berry died.  Plaintiff alleges that the issue in dispute is not whether David Krahn caused the accident, but whether he was an employee or an independent contractor of Defendant C.R. England.

    5.   Defendant notes that the date Plaintiff alleges in the First Amended Complaint on which the incident occurred (July 15, 2006) conflicts with the date (July 17, 2006) reported in the Traffic Accident Report.  C.R. England is also informed and believes that Krahn claimed that Ami Berry was his cousin.

    6.   Plaintiff sues for wrongful death and seeks general damages, economic and non-economic against three Defendants.  C.R. England, Inc., is informed and believes that neither Defendant Estate of David Krahn, nor Defendant Marshall Berry, have been served or appeared.

    7.   Defendant C.R. England, Inc., contends that David Krahn was an independent contractor of C.R. England, Inc., and denies any wrongdoing or liability on its part.

    8.   Defendant C.R. England, Inc., also contends that David Krahn was the owner of the tractor involved in the collision, and that C.R. England, Inc., was the owner of the trailer portion.

III.  STATUS OF CASE.

    1.   The Plaintiff reports that he has had contact from the insurer for C.R. England, Inc., and depending upon the existence

and extent of insurance coverage that pertains to David Krahn and/or Marshall Berry, the necessity to proceed against those Defendants may no longer exist.

2. The parties have agreed to reschedule the hearing on the motion for change of venue to October 1, 2007, at 10:00 in Courtroom 3.

3. The parties agree that it is in the interests of justice that this scheduling conference be continued to a time following ruling on the motion for change of venue and to afford Plaintiff the opportunity to conduct further investigation with regard to insurance coverage.

IT IS ORDERED that this Scheduling Conference is continued to October 19, 2007, at 8:45 a.m.  Defendant is authorized to appear telephonically.  In the event that the action is not transferred, but it appears that counsel will be able to resolve all issues in the case, counsel is requested to notify the Court prior to the Scheduling Conference in the event there is no need for further action in this litigation.

IT IS SO ORDERED.

Dated:   **August 8, 2007**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE